```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**AMBER CHAUVIN**                                    **CIVIL ACTION**

**VERSUS**                                           **No. 08-4255**

**RADIOSHACK CORPORATION**                           **SECTION: I/1**

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Amber Chauvin ("Chauvin"), on the ground that the Court lacks subject matter jurisdiction. For the following reasons, plaintiff's motion to remand is **DENIED.**

## BACKGROUND

On June 9, 2008, Chauvin filed a petition in Louisiana's Thirty-Second Judicial District Court[1]. Chauvin's petition alleges that Radioshack Corporation ("Radioshack"), her employer since October 19, 2006, wrongfully terminated her employment at its Houma, Louisiana store following her absence from work for medical issues.[2] According to her petition, Chauvin took a medical leave of absence in June, 2007 and on July 9, 2007, when she contacted Radioshack to indicate that her physician had released her to return to work, Radioshack advised her that her employment had been terminated.[3] Without asserting a specific amount of damages, Chauvin's petition alleges that she "suffered severe emotional

---

[1]Rec. Doc. No. 1-2.

[2]*Id*. at p. 1, paras. III-V.

[3]*Id*.

distress, loss of salary, wages, and benefits, loss of reputation, anxiety, mental anguish."[4]

Radioshack removed the case to this Court on August 21, 2008 on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. In its notice of removal, Radioshack asserts that the factual allegations set forth in the petition provide notice of Chauvin's claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and that Chauvin's attorney confirmed in a telephone conversation with defense counsel that Chauvin did indeed seek redress under the FMLA.[5] Additionally, the notice of removal contends that the Court has diversity jurisdiction over the matter because the parties are citizens of different states and it is apparent from the face of the petition that the amount in controversy exceeds $75,000.[6]

At a November 18, 2008 status conference with the Court, plaintiff's counsel advised the Court that Chauvin is not making a FMLA claim and that her claim is for breach of an oral and written agreement under Louisiana law.[7] Then, at a March 4, 2009 conference with this Court regarding Radioshack's intention to file a motion

---

[4]*Id.* at para. VI.

[5]Rec. Doc. No. 1, p. 2.

[6]The notice of removal alleges that Chauvin is a citizen of Louisiana and that Radioshack is a Delaware corporation with its principal place of business in Texas. Chauvin does not dispute that the parties have diverse citizenship.

[7]Rec. Doc. No. 14.

for summary judgment, plaintiff's counsel advised that it is plaintiff's position that the Court lacks subject matter jurisdiction.[8] In accordance with a Court-ordered deadline, Chauvin filed this motion to remand, arguing that her claim does not exceed $75,000 and that her claim does not arise under federal law. Following a conference call on April 3, 2009, the Court dismissed Chauvin's FMLA without objection from the parties.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). However, the Court's jurisdiction is fixed as of the time of removal. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D.

---

[8]Rec. Doc. No. 26.

La. 1989) (Feldman, J.)). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

## II. **DISCUSSION**

Plaintiff contends that this Court lacks subject matter jurisdiction over this matter because her claim neither arises under federal law nor meets the jurisdictional amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332[9].

Pursuant to 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, the jurisdiction of federal courts extends to state law claims "that are so related to claims in the action...that they form part of the same case or controversy...." 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Federal courts have the discretion to decline to exercise supplemental jurisdiction over

---

[9]Section 1332(a) provides the U.S. District Courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...."

state law claims if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In the event that all federal claims are dismissed or eliminated from the action, the general rule is for U.S. District Courts to decline to exercise jurisdiction over the remaining supplemental state law claims. However, "this rule is neither mandatory nor absolute." *Baptiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). Instead, U.S. District Courts are directed to consider the interests of judicial economy, convenience, fairness, and comity. *Id.*; *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988))("The Supreme Court has instructed that, when dealing with motions to remand pendent claims, courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity.") If a federal claim is "'eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction.'" *Doddy*, 101 F.3d at 456 (quoting *Cohill*, 484 U.S. at 351.). "However, no single factor is dispositive." *Id.*

Chauvin contends that her petition does not allege any

violation of federal law. However, at the time of removal, the Court had jurisdiction over Chauvin's action for wrongful termination based on her claim arising under FMLA. Indeed, Chauvin's counsel confirmed in August, 2008 that Chauvin sought damages under FMLA, prompting Radioshack to assert FMLA as a ground for removal.[10]

Because Chauvin's state law claim for breach of an oral and written agreement forms part of the same case or controversy as her FMLA claim, i.e., her termination from Radioshack following her absence due to her alleged medical condition, § 1367 provides the Court with discretion to exercise supplemental jurisdiction. Considering the recent dismissal of Chauvin's FMLA claim, the Court certainly has reason to remand the matter for lack of subject matter jurisdiction.

However, the interests of judicial economy, fairness, and convenience weigh in favor of this Court retaining jurisdiction. First, Chauvin's petition does not assert a complex or novel issue of Louisiana law. Instead, her claim is limited to breach of agreement, specifically an at-will employment contract. Second, Chauvin's case has moved forward in this Court since August, 2008 without any objection until Radioshack advised of its intention to file a motion for summary judgment in March, 2009. It was not until

---

[10]Rec. Doc. No. 1, para. 8; Rec. Doc. No. 36-2, para. 5. In an affidavit, Radioshack's former counsel declares that Chauvin's counsel "confirmed that Plaintiff sought redress for her damages under the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq." Chauvin has not disputed the accuracy of this statement.

then, just two months before trial, that Chauvin first raised the concern that this Court lacks subject matter jurisdiction. The Court dismissed the FMLA claim on April 3, 2009 after confirming the lack of objection by the parties. Accordingly, the Court exercises its discretion to retain supplemental jurisdiction over Chauvin's remaining state law claim for breach of agreement rather than slow the progress of this case by remand.[11]

For the foregoing reasons, the motion to remand is **DENIED**.

New Orleans, Louisiana, April 7th, 2009.

> LANCE M. AFRICK
> **UNITED STATES DISTRICT JUDGE**

---

[11] Radioshack attempts to establish the Court's diversity jurisdiction by arguing that Chauvin's alleged damages of severe emotional distress, loss of salary, loss of reputation, anxiety, mental anguish, loss of wage earning capacity and loss of enjoyment push the amount in controversy above $75,000. Radioshack also argues that Chauvin's settlement offer of $60,000 and her failure to allege, as well as her counsel's failure to confirm in a telephone conversation, that her claim does not exceed $75,000 indicates that her claim satisfies the jurisdictional requirements of § 1332. Given the Court's supplemental jurisdiction over all claims forming part of the same case or controversy as her federal claim, the Court need not determine whether Raidoshack has established by a preponderance of evidence that Chauvin's claims exceed $75,000.