**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AMBER CHAUVIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-4255** |
| **RADIOSHACK CORPORATION** | **SECTION: I/1** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, RadioShack Corporation ("RadioShack"). For the following reasons, RadioShack's motion for summary judgment is **GRANTED.**

## BACKGROUND

On June 9, 2008, plaintiff, Amber Chauvin, filed a lawsuit, alleging that RadioShack wrongfully terminated her employment at its Houma, Louisiana store following her absence from work for medical issues.[1] Plaintiff alleges that she took a medical leave of absence in June, 2007 and on July 9, 2007, when she contacted RadioShack to advise that her physician had released her to return to work, RadioShack advised her that her employment had been terminated.[2]

On November 18, 2008, plaintiff clarified that her claim is for breach of an oral and written agreement under Louisiana law.[3] RadioShack filed this motion for summary judgment, arguing that

---

[1]Rec. Doc. No. 1-2, p. 1, paras. III-V.

[2]*Id*.

[3]Rec. Doc. No. 14.

1

plaintiff cannot establish a claim for wrongful termination or breach of an employment agreement in light of undisputed evidence that RadioShack hired plaintiff as an at-will employee. Plaintiff contends that her at-will status is irrelevant because a RadioShack representative entered into an oral agreement with respect to plaintiff's leave of absence.

## **LAW AND ANALYSIS**

**I.  STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with

specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

**II. DISCUSSION**

In support of its motion for summary judgment, Radioshack submits three documents that plaintiff signed in connection with her employment, all advising that plaintiff's employment may be terminated at any time and without cause. In her "Preliminary

Online Application" for employment at RadioShack, plaintiff indicated her agreement with terms specifying that[4]:

> If I am employed by this company, I will be an employee at-will. As an employee at-will: (1) either RadioShack Corporation or I may terminate the employment relationship at any time, with or without cause; and (2) there is no agreement, express or implied, between RadioShack Corporation and me for any specific period of employment or for continuing or long-term employment. I understand and agree that if hired my at-will employment with RadioShack Corporation may only be modified by a separate written document signed by me and an executive officer of RadioShack Corporation.

Plaintiff agreed to nearly identical terms on her formal "Application for At-Will Employment," which she signed on October 18, 2006.[5] Finally, in acknowledging receipt of her "Team Answer Book" in December, 2006, plaintiff again signed a form stating that she acknowledges that "[a]s an at-will employee, either the Company or I may terminate the employment relationship at any time, with or without cause, and there is no agreement, express or implied, between the Company and me for any specific period of employment or for continuing or long-term employment."[6]

Plaintiff acknowledges that her employment with RadioShack was at-will. However, she contends that RadioShack, through a store manager, entered into an oral agreement with respect to plaintiff's medical leave of absence and plaintiff's return to work following

---

[4]Rec. Doc. No. 33-6, p. 4.

[5]Rec. Doc. No. 33-5, p. 3.

[6]Rec. Doc. No. 33-7.

4

her leave. Plaintiff argues that a store manager, Kendra Leemans, first made plaintiff aware of the option of medical leave and that Leemans did not know and, therefore, did not advise plaintiff that plaintiff's employment for less than a year would make plaintiff ineligible for medical leave.

The evidence that plaintiff submits does not, however, establish a genuine issue of material fact as to the existence of an oral agreement by RadioShack that plaintiff's employment would continue following a medical leave of absence. Plaintiff directs the Court to Leemans' deposition testimony that plaintiff would need to submit a physician's release in order to return to work as a scheduled employee,[7] that Leemans did not discuss any requirements for medical leave, such as length of employment,[8] and that if the medical leave form identified any exclusions, she would have discussed such exclusions with plaintiff.[9] Such evidence is insufficient to show an oral agreement that plaintiff is entitled to medical leave.[10]

---

[7] Rec. Doc. No. 44-3, p. 3.

[8] *Id.* at p. 4.

[9] *Id.* at p. 6. Leemans also testified that she "had no idea" whether or not plaintiff's request for medical leave would be granted. *Id.*

[10] The case plaintiff cites in support of her argument, *Dupaquier v. City of New Orleans*, 257 So. 2d 385 (La. 1972), is inapplicable to and distinguishable from the instant case. While the Louisiana Supreme Court addresses the circumstance where "the employer lulls the employee into a false sense of security," the court's opinion focuses entirely on the issue of prescription of a claim for worker's compensation benefits. *Id.* at 734 ("When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the period has expired, the employer cannot invoke

Nor does a personnel record noting that plaintiff had taken a "leave of absence" on June 18, 2007 for "health reasons"[11] raise a genuine issue as to whether RadioShack entered into any agreement with respect to plaintiff's medical leave or continuing employment with RadiShack. The record does not indicate that RadioShack granted plaintiff medical leave or approved her leave of absence. Moreover, the record states in clear terms that, "The below named person is an AT-WILL employee and no information on this form shall change the employment status."[12]

RadioShack directs the Court to plaintiff's deposition testimony indicating that Leemans never advised plaintiff that she had received or was entitled to medical leave.[13] Instead, the

---

the time bar to defeat compensation.").

Plaintiff appears to also argue in her opposition memorandum that she detrimentally relied upon a promise made by Leemans. However, her petition does not allege the elements of detrimental reliance, including that (1) a promise was made, (2)by one who knows or has reason to know, (3) that the promise will induce the other party to rely, (4) to her detriment, and(5) provided the reliance is reasonable. *See* La. Civ. Code Ann. art. 1967; *Omnitech Int'l v. Clorox, Co.*, 11 F.3d 1316, 1329 (5th Cir. 1994). Notwithstanding, plaintiff fails to offer evidence to establish a genuine issue of material fact that Leemans made a promise that plaintiff would receive medical leave and that her employment would continue. Moreover, "In the sparse jurisprudence involving detrimental reliance claims of employees terminated after working a short time in an at-will employment situation, the Louisiana cases have held it to be patently unreasonable as a matter of law to have relied on the at-will employment." *May v. Harris Mgmt. Corp.*, 928 So.2d 140146 (La. Ct. App. 1st Cir. 2005).

[11]Rec. Doc. No. 44-5.

[12]*Id.*

[13]Rec. Doc. No. 33-16, p. 18:
    Q. But she didn't say, You have medical leave, correct?
    A. I don't--not at that--no.
    Q. Did you look at the policy that you acknowledged receiving to see if it said anything about medical leave?
    A. No. I was too hurt at that time. I wasn't--I wanted to sleep and not

6

company policy regarding medical leave, as stated in the "Team Answer Book," limits medical leave to those employed for at least one year.[14] Plaintiff, who had been employed for less than a year, acknowledged receiving this manual[15] and testified in her deposition that she knew that Leemans had no authority to alter any company policies.[16]

RadioShack correctly argues that as an at-will employee, plaintiff was subject to termination at any time, with or without cause, and without prior notice. Louisiana caselaw holds that "[w]here there is no specific contract between the employee and employer, the employee is at-will and may be terminated for any reason, at any time, without the notice requirement."[17] *Finkle v. Majik Market*, 628 So. 2d 259, 262 (La. Ct. App. 5th Cir. 1993);

---

      hurt. I was not looking at that.
      ...
      A. It wasn't--I don't know how to explain it. It wasn't definite that I was on medical leave. Nobody said anything about me being on medical leave. It was a leave that I had to take. And Kendra told me not to worry about it, everything was covered.

    Leemans also testified in her deposition that she explained to plaintiff "that it was a necessity to fill out the form to request additional time off," but that she "did not know if it would be approved; that we would submit it-- it wouldn't hurt to submit it and see what we could do." Rec. Doc. No. 33-15, p. 14.

[14]Rec. Doc. No. 33-13, pp. 18-19.

[15]Rec. Doc. No. 33-7.

[16]Rec. Doc. No. 33-16, pp. 19-20.

[17]The source of Louisiana's doctrine of at-will employment comes from Louisiana Civil Code article 2747, which provides, "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for doing so. The servant is also free to depart without assigning any cause."

*Wohlschlaeger v. Fairmont Hotel Co.*, 83 F.3d 419 (5th Cir. 1996).

Notwithstanding plaintiff's arguments with respect to an oral agreement, it is clear that plaintiff's employment with RadioShack was at-will and that plaintiff was, therefore, subject to termination at any time without cause.[18] Accordingly, RadioShack need not identify, and the Court need not consider, any of the reasons for the termination of plaintiff's employment.[19] *Matthew v. Saia Motor Freight Line, Inc.*, No. 95-1185, 1996 WL 7041, at *2 (E.D. La. Jan. 8, 1996) (Vance, J.) ("Because [defendant] was free to discharge [plaintiff] without cause as a matter of law, the reason for the discharge is of no moment.").

For the foregoing reasons,

**IT IS ORDERED** that RadioShack's motion for summary judgment is **GRANTED** and that plaintiff's claims against RadioShack are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, April 9th, 2009.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[18] The Court notes that plaintiff has not offered any evidence of a separate written document, signed by an executive officer of RadioShack, modifying plaintiff's status as an at-will employee. As previously discussed, the personnel record indicating that plaintiff had taken a leave of absence confirms that plaintiff was an at-will employee and "no information on this form shall change the employment status."

[19] Plaintiff's claim, as clarified in a status conference before this Court, is limited to breach of an oral and written agreement under Louisiana law. Rec. Doc. No. 14. Plaintiff does not allege that she was terminated for discriminatory reasons, such as disability, race, or gender.